FRANK, Acting Chief Judge.
Kenneth H. Kasper was charged with sexual battery. Pursuant to a nolo plea he was, inter alia, adjudicated guilty and placed on five years probation. Thereafter, he moved the trial court for the entry of an order sealing his criminal record. The state traversed Kasper’s motion pursuant to rule 3.692 of the Florida Rules of Criminal Procedure, asserting that he was not entitled to the relief provided in section 943.058, Florida Statutes (1987). The trial court granted Kasper’s motion and directed that all records pertaining to Kasper’s criminal proceeding in the possession of the circuit court, the sheriff’s office, the Department of Law Enforcement and the state’s attorney be sealed subject to reopening only in the circumstance contemplated in section 943.058(6)(b). The state has challenged the sealing order and we reverse.
The pertinent portions of section 943.-058(2) state as follows:
The courts may order the sealing or ex-punction of any other criminal history record provided:
(a) The person who is the subject of the record has never previously been adjudicated guilty of a criminal offense or comparable ordinance violation;
(b) The person who is the subject of the record has not been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the records expunction petition pertains;
(c) The person who is the subject of the record has not secured a prior records expunction or sealing under this section, former s. 893.14, or former s. 901.33_
And, section 943.058(3) provides that: Notwithstanding subsection (2), criminal history records maintained by the Department of Law Enforcement may be ordered expunged only upon a specific finding by a circuit court of unusual circumstances requiring the exercise of the extraordinary equitable powers of the court. Upon a finding that the criteria set out in paragraphs (2)(a)-(c) have been met, the records maintained by the department may be ordered sealed by any court of competent jurisdiction; and thereafter such records and other records sealed pursuant to this section, former s. 893.14, former s. 901.33, or similar laws, shall be nonpublic records, available only to the subject, his attorney, or to criminal justice agencies for their respective criminal justice purposes.
*301 The critical element in this appeal is that Kasper sought to have his record sealed, not expunged. We interpret the relevant statutory provisions as follows. A movant seeking either to seal or expunge a criminal history record must fulfill the criteria set forth in section 943.058(2).[1] In moving to expunge a criminal history record, however, the statute in effect at that time mandated, in addition to the movant satisfying the criteria in section 943.058(2), that the trial court make a “specific finding of unusual circumstances requiring the exercise of the extraordinary equitable powers of the court.” § 943.058(3), Fla.Stat. (1987).[2]
Kasper erroneously, but successfully, urged the trial court to use its equitable powers to seal his records. The court’s equitable powers, however, are irrelevant to the determination of a sealing motion. Kasper merely had to meet the criteria in section 943.058(2) but he could not; he was adjudicated guilty pursuant to a nolo plea. Kasper was, indeed, disabled from being able properly to swear to his eligibility for a sealed record. § 943.058(2), (8).
REVERSED.
THREADGILL, J., concurs.
PARKER, J., specially concurs.

. See Fla.R.Crim.P. 3.989. It is evident from the forms to be followed in implementing section 943.058 that the absence of an adjudication must be revealed in the petition, affidavit and ultimate order in either a sealing or expunging context.

. Section 943.058 was amended during the 1988 session of the legislature. Ch. 88-247. It now appears that if there is no adjudication of guilt, the trial courts are endowed with discretion in granting the relief of either expunction or sealing without the need for finding "unusual circumstances.”